FILED
United States Court of Appeals
Tenth Circuit

May 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 09-2195 (D.Ct. No. 1:07-CR-01764-MCA-1) (D. N.M.) |
| DUSTIN RAY DENNIS, | |
| Defendant-Appellant. | |

_____

## ORDER AND JUDGMENT[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.



After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.



Defendant-Appellant Dustin Ray Dennis pled guilty to one count of felon in

possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1)

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and 924(a)(2). The district court sentenced him to seventy-seven months in prison and three years supervised release. While Mr. Dennis appeals his sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Background

Pursuant to a formal plea agreement, Mr. Dennis pled guilty to one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As part of his plea agreement, Mr. Dennis acknowledged he understood his constitutional rights and the possible penalties against him and he entered the agreement voluntarily. He also agreed to waive his rights and admitted to knowingly possessing a firearm and ammunition on June 14, 2007. In addition, the record on appeal shows a plea hearing was held before the district court on May 6, 2009, at which Mr. Dennis appeared and pled guilty. During the Rule 11 colloquy at his plea hearing, the record shows the district court questioned him, in part, about his guilty plea and advised him of his constitutional rights and the charges, penalties, and possible consequences of his plea. *See* Fed. R. Crim. P. 11.

After the district court accepted Mr. Dennis's guilty plea, a probation

-2-

officer prepared a presentence report calculating his sentence under the applicable 2008 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set his base offense level at twenty, under U.S.S.G. § 2K2.1(a)(4)(A), for committing the instant offense subsequent to sustaining one felony conviction for a crime of violence. She also recommended increasing the offense level four levels, under U.S.S.G. § 2K2.1(b)(6), because Mr. Dennis used or possessed the firearm in connection with a drug trafficking offense; i.e., the firearm and methamphetamine were found in a stolen vehicle driven by Mr. Dennis. Finally, she reduced the offense level by three levels for acceptance of responsibility, for a total base offense level of twenty-one. This, together with a criminal history category of VI, resulted in an advisory sentencing range of seventy-seven to ninety-six months imprisonment.

In response to the presentence report, Mr. Dennis filed an objection to the four-level enhancement for his use or possession of a firearm in connection with a drug trafficking offense. He also filed a memorandum in support of a concurrent or partially-concurrent sentence in relation to his undischarged prison sentences in the State of Colorado. At the sentencing hearing, Mr. Dennis renewed his objection to the four-level enhancement on grounds authorities did not test the substance found in the vehicle with the firearm to confirm it was methamphetamine. In response, the government provided the testimony of a

deputy marshal at the scene who stated a field test verified the substance found was methamphetamine; during cross-examination, however, the deputy marshal acknowledged no further lab test was conducted. Following the deputy marshal's testimony, the district court overruled the objection and determined the four-level enhancement applied. However, it granted Mr. Dennis's request for a partially-concurrent sentence and sentenced him to seventy-seven months imprisonment, with fifty months to run consecutive to his Colorado cases and the remaining twenty-seven months to run concurrently with the Colorado cases. In sentencing Mr. Dennis at the low end of the Guidelines range, the district court stated it had considered the advisory Guidelines and the sentencing factors under 18 U.S.C. § 3553(a).

After Mr. Dennis filed a timely notice of appeal, his counsel filed an *Anders* motion and appeal brief, explaining a conscientious review of the record revealed no nonfrivolous issues to appeal in this case and moving for an order permitting withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support of his *Anders* filings, counsel suggests Mr. Dennis knowingly, voluntarily, and intelligently pled guilty. Counsel also points out the government provided evidence at the sentencing hearing establishing the substance found together with the firearm tested positive for methamphetamine, in support of the previously disputed four-level enhancement. Finally, appellate counsel, who also

represented Mr. Dennis at the plea and sentencing hearings, suggests a possible issue for appeal might be based on a claim that he, as trial counsel, inadequately and ineffectively represented Mr. Dennis. However, counsel notes that a strong presumption exists his conduct fell within the range of reasonable professional assistance, and, on review of the record, no per se evidence of ineffective assistance exists.

Pursuant to *Anders,* this court gave Mr. Dennis an opportunity to respond to his counsel's *Anders* brief. *See id.* Mr. Dennis has not filed any such response. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* To begin, Mr. Dennis's appellate counsel raises the possibility that an ineffective assistance of counsel claim might exist, but provides nothing in support of his assertion. Regardless of whether such a claim exists, we have long held ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). Not only has the claim not been adequately developed in this appeal, but we have held that "'[e]ven if the record appears to need no

further development, the claim should still be presented first to the district court in collateral proceedings ... so the reviewing court can have the benefit of the district court's views.'" *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10ᵗʰ Cir. 2005) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10ᵗʰ Cir. 1995) (en banc)).  As a result, we decline to consider Mr. Dennis's unsupported ineffective assistance of counsel claim on direct appeal.

Turning next to his guilty plea, the record shows Mr. Dennis entered a formal, written plea agreement acknowledging he understood his rights and the possible penalties against him and he entered the agreement voluntarily. Similarly, his appellate counsel, who also represented Mr. Dennis at trial, asserts Mr. Dennis knowingly, voluntarily, and intelligently pled guilty, and the record provides no indication otherwise.  Given Mr. Dennis has not responded or otherwise established that his plea was unknowingly, unvoluntarily, or unintelligently made, we conclude no nonfrivolous issue exists on appeal to challenge his conviction.

As to Mr. Dennis's sentence, we review it for reasonableness as guided by the factors in 18 U.S.C. § 3553(a).  *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10ᵗʰ Cir. 2006) (*per curiam*).  Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed.  The record supports the

district court's calculation of his Guidelines range, including the application of U.S.S.G. § 2K2.1(b)(6) for a four-level offense level increase because Mr. Dennis used or possessed a firearm in connection with a drug trafficking offense. He has failed on appeal to respond to his counsel's *Anders* argument that the evidence in the record supports such an enhancement or otherwise provide any argument showing the methamphetamine was improperly tested. As a result, we conclude the district court properly calculated Mr. Dennis's sentence with the four-level enhancement, after which it sentenced him to seventy-seven months imprisonment; this is at the low end of the advisory Guidelines range and entitled to a rebuttable presumption of reasonableness. *See id.* at 1053-55. Mr. Dennis has failed to rebut this presumption with any nonfrivolous reason warranting a lower sentence. *See id.*

## III.  Conclusion

For these reasons, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge